IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



RECEIVED JN
5/8/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**20CV2836**

| | |
|---|---|
| Marcus Lewis, Kelly King, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| Governor Jay Robert Pritzker, Walmart Corporation, Miguel Artwell, (Store Manager) Walgreens Corporation, Timothy Green (Store Manager) T. Money, (Security Guard) Dollar General Corporation, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case no.

JUDGE COLEMAN
MAGISTRATE JUDGE COX

Jury Demanded

2020 MAY 8 AM 9:52
CLERK
U.S. DISTRICT COURT

## CLASS ACTION COMPLAINT – JURY DEMANDED

Now comes Marcus Lewis, Kelly King, ("Plaintiffs") on behalf of themselves individually and all others similarly situated and alleges as follows:

## INTRODUCTION

1. Plaintiffs Marcus Lewis, Pro se, Kelly King, Pro se, brings this action individually and on behalf of all others similarly situated against Governor Jay Robert Pritzker, Walmart Corporation, Walgreens Corporation, and Dollar General Corporation ("Defendants"), alleging violations of Title II,



Title III and  of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and its implementing regulations.

2.  Plaintiffs have severe respiratory ailments being chronic asthmatic individuals. Marcus Lewis and Kelly King brings this civil rights class action against Defendants for failing to grant access to facilities that are fully accessible to, and independently usable by, those that have respiratory ailments during the Coronavirus Pandemic in Chicago, Illinois.  Specifically, Defendant's retail stores are not fully accessible to, and independently usable by, respiratory impaired people that cannot wear face coverings or masks and do not meet the express requirements of the ADA, that are calculated to make retail stores accessible to respiratory impaired individuals. Therefore, on behalf of a class of similarly situated individuals, Plaintiffs seeks a declaration that Defendant Governor Jay Robert Pritzker April 23rd, 2020 state-wide edict mandating,  "Starting May 1st, 2020, any  individuals over the age of two years old and can medically tolerate a face-covering or a mask will be required to wear one when in a public place where they can't maintain a 6 foot social distance...", violate Title II & Title III of ADA of 1990 federal law as described and an injunction requiring Defendants to permit respiratory impaired individuals access to retail stores so that they are fully accessible to, and independently usable by, respiratory impaired individuals.  Further, as noted below, Plaintiffs seeks statutory damages as permitted by Illinois law. Plaintiffs also requests that once Defendants is fully in compliance with the requirements of the ADA, the Court retain jurisdiction for a period of time to be determined to ensure that Defendants has adopted and is following an institutional policy that will, in fact, cause Defendants to remain in compliance with the law.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

3. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

4. The ADA broadly protects the rights of individuals with disabilities with respect to employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.



5. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

6. On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.

7. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design (1991 Standards), which were based upon the Americans with Disabilities Act Accessibility Guidelines (1991 ADAAG) published by the Access Board on the same date.

8. In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

9. In 1999, based largely on the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rule making to update and revise its ADA and ABA Accessibility Guidelines.

10. The Access Board issued final publication of revisions to the 1991 ADAAG on July 23, 2004 ("2004 ADAAG").

11. On September 30, 2004, the DOJ issued an advance notice of proposed rule making to begin the process of adopting the 2004 ADAAG.

12. On June 17, 2008, the DOJ published a notice of proposed rule making covering Title III of the ADA.

13. The long-contemplated revisions to the 1991 ADAAG culminated with the DOJ's issuance of The 2010 Standards for Accessible Design ("2010 Standards"). The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.



## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction over the ADA claims asserted herein pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

15. This Court has supplemental jurisdiction over the state laws claims asserted herein pursuant to 28 U.S.C. § 1367(a).

16. Plaintiff's claims asserted herein arose in this judicial district and Defendants does substantial business in this judicial district.

17. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

18. Plaintiffs, Marcus Lewis, Kelly King is and, at all times relevant hereto, are residents of Illinois. Plaintiffs is and, at all times relevant hereto, have severe respiratory impairments (chronic asthma) and is therefore are members of a protected class under the ADA, 42 U.S.C. § 12102; the regulations implementing the ADA.

19. Defendants, Governor Jay Robert Pritzker, is the Governor of the State of Illinois, Office of the Governor, 207 State House, Springfield, Illinois 62706.

20. Walmart Corporation is Headquartered at 702 S.W. 8th St., Bentonville, Arkansas 72716. Miguel Artwell is the Manager of the 4720 S. Cottage Grove Neighborhood Market Walmart Store.

21. Walgreens Corporation is Headquartered at 200 Wilmot Rd., Deerfield Illinois 60015, Timothy Green is the Manager at the 3405 S. King Drive Walgreens Store. T. Money is the Security Guard at door this location.



22. Dollar General Corporation is Headquartered at 100 Mission Ridge, Goodlettsville, Tennessee 37072. In particular, the the Dollar General Store at 549 E. Pershing Rd. in Chicago, Illinois 60653. The Manager is named Keith.

## VIOLATIONS AT ISSUE

23. On May 4th, 2020, at around 3:45 pm, Plaintiffs visited Defendant Walgreens Store & Pharmacy located at 3405 S, King Drive, Chicago, Illinois to inquire about some prescriptions to picked up at this store that the Plaintiffs normally use for this purpose.

24. At the time of the visit, on approaching the entrance door, Defendant T. Money, a security guard, standing inside the store at the doorway said, "you must have a face mask on to enter the store". Plaintiffs Marcus Lewis and Kelly King told him we were chronic asthmatics and showed him prescribed inhalation inhalers for shortness of breath. Defendant T. Money, now, standing in the doorway, was " eerily reminiscent of the behavior former Alabama Governor George C. Wallace exhibited, when he stood in the doorway at the University of Alabama on June 11th, 1963 and blocked two black students, Vivian Malone and James A. Hood from entering to enroll in the university", similarly blocking any access to entering the store, said, "show me your medical papers". Plaintiffs told him he was violating the Americans with Disabilities Act Title III Public Accommodations, as the Plaintiffs cannot medically tolerate any face covering of mask because of their breathing issues. The Plaintiffs went on to show him the the April 23rd, 2020 statement by the Defendant Governor Jay Robert Pritzker on the issue of face coverings or masks about those that "can medically tolerate a face covering or mask" and a picture from a 1320 E. 47th St. in Chicago Walgreens Store, based upon an investigation performed on Plaintiff's behalf, Plaintiff alleges that other stores in the Defendant's nearby store network has a 'A sign' presented outside the door that reads, "Mandatory face protection is required to enter" with a picture of a face mask. **BUT at the bottom of the sign is an \*which states, "except where doing so would inhibit the individual's health or where the individual is under 2 years old."**

25. Defendant T. Money, then pointed to a similar smaller sign that was pasted on the inside of glass on the side of the entrance door **BUT it did not have the \***



**statement as the other Walgreens store sign the plaintiffs showed the defendant at the bottom of the sign.**

26.  Plaintiffs told the Defendant T. Money this behavior is illegal and violates the Americans with Disabilities Act of 1990, Title III Public Accommodations. The Plaintiffs then requested Defendant T.Money to summon the Manager of the store to intercede on this issue. The Defendant T. Money said he, (Defendant Timothy Green) was not at the store at the time. The Plaintiffs then requested to see the person left in charge to intercede in this matter. The Defendant T. Money left and plaintiffs remained standing outside the door. About 5 minutes later, the Defendant T. Money brought a young man in a red t-shirt, named LaMonte on his name tag, and the Plaintiffs explained to him of their inability to wear a face covering or mask because of their health issues concerning it interferes with their breathing being diagnosed Chronic Asthmatics. The young man did not seem to know what to do with this issue and simply repeated what the Defendant T. Money had said that the Plaintiffs were not going to be allowed access into the store. The Defendant T. Money, standing directly in the doorway, only allowed face covered customers into the store.

Plaintiffs then left from the store without being admitted into the store. Plaintiffs were denied full and equal treatment because of their disability.

27.  Plaintiffs visited Defendant Dollar General, located at 549 E. Pershing Rd., Chicago, Illinois, on May 4th, 2020 at around 4:20 pm., to shop for kitchen items. Plaintiffs approached the door and saw a hand-written sign pasted on the glass on the front door which said, "No masks. No service. Thank U." Plaintiffs were met at the door by a manager on duty named "Tamika" holding her sweater collar over her mouth and nose. Plaintiffs then told her that they both had respiratory ailments and could not medically tolerate wearing any face covering or mask as it would hinder their breathing and trigger an asthma attack. Tamika said she would call her boss "Kevin" as he was not at the store at the time. The Plaintiffs explained to her about not allowing the Plaintiffs to enter the store to shop violates the Americans with Disabilities Act. She said she would mention that to her boss. Plaintiffs waited outside as other face-masked customers went in the store. Tamika came back a few minutes later and told the Plaintiffs that we would not be permitted access into the store per her boss's "Keith" instructions.



The Plaintiffs had no choice but to leave from store without being given access. Plaintiffs then left from the store without being admitted into the store. Plaintiffs were denied full and equal treatment because of their disability.

28. Plaintiffs, still in need of kitchen items, then drove to Walmart Neighborhood Market on 4720 S. Cottage Grove, in Chicago, Illinois to acquire the items.

29. Upon arriving at the Defendant's store at 5:07 pm, and getting in line to wait to be summoned by a employee with a iPad in his hand, upon reaching the employee at the door of the store, the employee said, "you must have a a mask to enter the store". Plaintiffs told the employee that they had respiratory impairments and could not medically tolerate wearing a face covering or mask. The Plaintiffs asked the employee to get the manager of the store to handle this matter as the Plaintiffs believed the Manager would know the existence and the enforcements of the American with Disabilities Act of 1990 law. The Plaintiffs stepped to the side to wait for the manager. The Defendant Miguel Artwell came to the front door and the Plaintiffs explained to him that they could not medically tolerate wearing a face covering or mask and showed him the Defendant Governor Jay Robert Pritzker's statement Plaintiff Marcus Lewis had on his iPhone. Defendant Artwell continued to repeat that in order to enter you must have a mask on. The Plaintiffs told him to tell the Defendant Artwell you are violating the ADA (Americans with Disabilities Act, Title III for Public Accommodations). The Defendant Artwell would not permit access without a face covering in spite of what the ADA law said. After a fruitless back and forth conversation with the Defendant Artwell, the Plaintiffs told the Defendant Artwell that we were going to contact Defendant Walmart Corporate Offices of this incident and file a lawsuit.

The Plaintiffs called Walmart Corporate Offices while standing at the store and called the Defendant Corporate Offices. After 47 minutes of being on hold by a Corporate Official having Plaintiff Marcus Lewis to be told how the situation would handled by the Defendant's Corporate Office, the Plaintiffs left the store because no access or accommodation would be made for them because of their protected impairment by the ACA (Americans with Disabilities Act of 1990 Title III. Plaintiffs then left from the store without being admitted into the store. Plaintiffs were denied full and equal treatment because of their disability.



30. As a result of Defendant's non-compliance with the ADA, Plaintiff and class members, unlike persons without respiratory impairments, cannot independently use certain of Defendant's stores.

31. Defendant's non-compliance threatens respiratory impaired people with the loss of their private ability to shop for needed food and items that are essential for life. Respiratory impaired people who wish to use certain of Defendant's Stores have no choice but to repeatedly petition for access to their stores or go hungry and be without needed essentials for life that on April 30th, 2020, the Plaintiffs could freely have access to the exact same Defendants's Stores without any prohibition because of the Plaintiff's inability to medically tolerate a face covering or mask.

32. Defendant, Governor Jay Robert Pritzker, knew or should have known, of this confusing, callous and illegal pattern of unlawful and intentional discriminatory behavior Defendant Governor Jay Robert Pritzker would be unleashing by his April 23rd, 2020 state-wide edict enabling store owners, managers, employees who knew or should have known their behavior towards the Plaintiffs and all respiratory impaired individuals would violate the Americans with Disabilities Act of 1990 law. Furthermore, these essential businesses would mistreat and discriminate against respiratory impaired people who would patronize these businesses would be treated and forced to either comply with the edict against their own respiratory-impaired disabilities or be ridiculed, humiliated, shamed and ultimately be prevented to have access to the essential stores by store owners, its managers, its employees and the on-looking customers which now has bred an extremely and unnecessary hostile shopping environment for seeking of life sustaining goods as the Plaintiffs and other respiratory impaired Individuals face in their attempt to patronize these stores to seek out and purchase the essentials for life. Plaintiffs experienced ridicule, humiliation and shame as a result of the Defendant's hostile, willful and unlawful intentional discrimination.

33. Plaintiff Kelly King resides within approximately one (1) mile from the locations of Defendant's Stores described above.

34. Plaintiffs intends to return to certain of Defendant's Stores to ascertain whether they remain in violation of the ADA.



35. Without injunctive relief, Plaintiffs will continue to be unable to independently use Defendant's Stores in violation of her rights under the ADA.5

## CLASS ALLEGATIONS

36. Plaintiffs brings this action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and all respiratory impaired individuals who have attempted to access Defendant's Stores (the "Rule 23(b)(3) Class").

37. Plaintiffs also brings this action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of themselves and all respiratory impaired individuals who have attempted to access, or will attempt to access, Defendant's Stores (the "Rule 23(b)(2) Class").

38. The classes described above are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

39. Typicality: Plaintiff's claims are typical of the claims of the members of the classes. The claims of the Plaintiff and members of the classes are based on the same legal theories and arise from the same unlawful conduct.

40. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the classes in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its Stores fully accessible and independently usable as above described.

41. The questions of fact and law common to the classes include but are not limited to the following:

   a. Whether Defendant is a "public accommodation" under the ADA;



b. Whether Defendant is a "public facility" under the ADA;

c. Whether Defendant's conduct in failing to make its Stores fully accessible and independently usable as above described violated the ADA, 42 U.S.C. § 12101 et seq.;

d. Whether Defendant's conduct in failing to make its Stores fully accessible and independently usable as above described violated the ADA and,

e. Whether Plaintiffs and members of the classes are entitled to damages, costs and/or attorneys' fees for Defendant's acts and conduct.

42.  Adequacy of Representation: Plaintiffs are an adequate representative of the classes because their interests do not conflict with the interests of the members of the classes. Plaintiffs will fairly, adequately, and vigorously represent and protect the interests of the members of the classes and has no interests antagonistic to the members of the classes. Plaintiffs has not as of yet retained counsel who are competent and experienced in the prosecution of class action litigation.

43.  Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Rule 23(b)(2) Class, making appropriate both declaratory and injunctive relief with respect to Plaintiffs and the Rule 23(b)(2) Class as a whole.

44.  Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3). Those questions of law or fact (identified above) that are common to the classes predominate over any questions affecting only individual Rule 23(b)(3) Class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45.  Superiority: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Rule 23(b)(3) Class. While the aggregate damages which may be awarded to the members of the Rule 23(b)(3) Class are likely to be substantial, the damages suffered by the individual members of the Rule 23(b)(3) Class are relatively small. As a result, the expense and burden of



individual litigation makes it economically infeasible and procedurally impracticable for each member of the Rule 23(b)(3) Class to individually seek redress for the wrongs done to them. Plaintiffs does not know of any other litigation concerning this controversy already commenced by or against any member of the Rule 23(b)(3) Class. The likelihood of the individual members of the class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Rule 23(b)(3) Class. Plaintiffs knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
### For Violation Of The ADA, 42 U.S.C. § 12101 et seq.
### (On Behalf of Plaintiffs and the Members of the Rule 23(b)(2) Class)

46.  The allegations contained in the previous paragraphs are incorporated by reference

47.  Defendants has discriminated against the plaintiffs and the Rule 23(b)(2) Class in that it has failed to make its Stores fully accessible to, and independently usable by, individuals who are respiratory impaired in violation of 42 U.S.C. § 12182(a) and Section 707 of the 2010 Standards, as described above.

48.  Defendants has discriminated against Plaintiffs and the Rule 23(b)(2) Class in that it has failed to provide aids and services calculated to make its Stores fully accessible to, and independently usable by, individuals who are respiratory impaired in violation of 42 U.S.C. § 12182(b)(2)(A)(iii) and Section 707 of the 2010 Standards, as described above. Providing the access mandated by the ADA and Section 707 of the 2010 Standards would neither fundamentally alter the nature of Defendant's Stores nor result in an undue burden to Defendants.



49. Defendant's conduct is ongoing, and, given that Defendant has not complied with the ADA's requirements that public accommodations make its Stores fully accessible to, and independently usable by, respiratory impaired individuals, notwithstanding that those requirements have been in place since 1991, Plaintiffs invokes their statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees should Plaintiffs retain or be granted attorney representation by the Court.

50. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period of one year after the Defendants certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its Stores be fully accessible to, and independently usable, by respiratory impaired people is likely to recur.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the classes, prays for:

a. A Declaratory Judgment that at the commencement of this action Defendants was in violation of the specific requirements of Title II & Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants took no action to ensure that its Stores were fully accessible to, and independently usable by, respiratory impaired individuals;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendants to take all steps necessary to brings its Stores into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Stores are fully accessible to, and independently usable by, respiratory impaired individuals, to exclude from the mandate of wearing face coverings or masks and which further directs that the Court shall retain jurisdiction for a period of one year after Defendants certifies that all of its Stores are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted



and is following an institutional policy that will in fact cause Defendant to remain in compliance with the law;

c. An Order certifying the classes proposed by Plaintiffs, and naming Plaintiffs as a class representatives and appointing them counsel as class counsel;

d. An award to Plaintiffs individually according to the Americans with Disabilities Act of 1990 Civil Penalties Guidelines for compensatory damages from each Defendant to Plaintiffs individually $10 million dollars from each Defendant to Plaintiffs individually for punitive damages for unlawful intentional discrimination under 42 U.S.C. § 1981a.(2)(b) and members of the proposed Rule 23(b)(3) Class in the amount of which this Court deems appropriate for violation of their civil liberties as provided for under the Americans with Disabilities Act of 1990.

e. Payment of costs of suit;

f. Payment of reasonable attorneys' fees, (when an attorney is retained or appointed by the Court) pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: May 5th, 2020

Respectfully Submitted,

Marcus Lewis / Pro se
3146 Holden Circle
Matteson, Illinois 60443
708-287-7531
Marlew7@aol.com

Kelly King / Pro se

13

4211 S. Langley Ave. Apt 2B
Chicago, Illinois 60653
773-432-5533
Kbk9818@yahoo.com



5/4/20 Walgreens 3405 S. King Drive Chgo Il











5/3/20

Walgreens 47th & Lake Park, Chgo. Ill.

5/3/20

Walgreens 47th & Jahe Park, Chgo. Il.





NO MASK

NO SERVICE'S

"THANK U"

5/4/20 Dollar General 549 S. Pershing Rd. Chgo, Il.

ATTENTION

**To Our Valued Dollar General Customers**
In response to recent events concerning COVID-19:

Due to current government mandates,
**ALL customers are required to wear a
mask or facial covering** that covers the
nose and mouth before entering
the store.

Thank you for your understanding.