IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS LEWIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 20-cv-2836 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| GOVERNOR JAY ROBERT PRITZKER et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiffs Marcus Lewis and Kelly King bring this lawsuit alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, against the governor of Illinois and three private businesses. Before the Court is the governor's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Governor Pritzker's motion to dismiss with prejudice and dismisses him as a defendant from this lawsuit.

**Background**

Construing plaintiffs' pro se allegations liberally, *Taylor v. JPMorgan Chase Bank,* 958 F.3d 556, 562 (7th Cir. 2020), they allege that they were denied entry to certain Walmart, Walgreens, and Dollar General stores they visited in May 2020 because they were not wearing face coverings during the COVID-19 pandemic. Plaintiffs' allegations stem from Governor Pritzker's April 30, 2020 Executive Order that states:

> Any individual who is over the age of two and able to medically tolerate a face-covering (a mask or cloth face-covering) shall be required to cover their nose and mouth with a face-covering when in a public place and unable to maintain a six-foot social distance. Face-coverings are required in public indoor spaces such as stores.

Executive Order 2020-32 § 1.1.

Plaintiffs allege they suffer from chronic asthma that prevents them from being able to wear

face masks or coverings in public. When plaintiffs attempted to enter the Walgreens, Walmart, and Dollar General stores, employees denied them entrance because they were not wearing face coverings.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

"The Americans with Disabilities Act prohibits discrimination based on disability in 'major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III).'" *Access Living of Metro. Chicago v. Uber Tech., Inc.,* 958 F.3d 604, 607 (7th Cir. 2020) (citation omitted). Plaintiffs bring their claims under Title II and Title III.

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "Public entity" means any state or local government or their instrumentalities, such as state agencies. 42 U.S.C. § 12131. Also, there is no personal liability under Title II of the ADA. *Stanek v. St. Charles*

*Community Unit School Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015).  As such, plaintiffs can only bring their Title II claim against a state agency or state official in her official capacity.

Turning to their complaint, plaintiffs allege that three private businesses denied them access to their stores, not that any state or local government denied them access to public services, programs, or other activities, such as public schools or county courthouses.  *See Ashby v. Warrick County Sch. Corp.*, 908 F.3d 225, 230 (7th Cir. 2018); *Sykes v. Cook County Circuit Court Probate Div.*, 837 F.3d 736, 740 (7th Cir. 2016).  Therefore, plaintiffs' Title II allegations necessarily fail against Governor Pritzker.

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).  "Places of public accommodation include businesses open to the public."  *Access Living,* 958 F.3d at 610.

Under the facts as alleged, the places of public accommodation are the stores plaintiffs visited in May 2020, not the governor himself.  In addition, plaintiffs do not allege that Governor Pritzker owns, leases, or operates these stores.  Thus, based on the plain language of the ADA, plaintiffs' Title III claim against Governor Pritzker fails.

**Conclusion**

Based on the foregoing, the Court grants Governor Pritzker's Rule 12(b)(6) motion to dismiss with prejudice [22] and dismisses Governor Pritzker as a defendant to this lawsuit.

**IT IS SO ORDERED.**

Date: 11/10/2020

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

3