**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARCUS LEWIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 20-cv-2836 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| WALMART CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiffs Marcus Lewis and Kelly King bring this lawsuit alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* against the governor of Illinois,[1] Walmart Corporation, Walgreen Corporation, Dollar General Corporation, and certain individual employees of these retail stores. Before the Court are defendants' motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants defendants' motions to dismiss with and without prejudice. The Court grants plaintiffs leave to file an amended complaint in accordance with this ruling by no later than December 8, 2020.

**Background**

Construing plaintiffs' pro se allegations liberally, *Taylor v. JPMorgan Chase Bank,* 958 F.3d 556, 562 (7th Cir. 2020), they allege that they were denied entry into certain Walmart, Walgreens, and Dollar General retail stores in Chicago because they were not wearing face coverings on May 4, 2020 during the COVID-19 pandemic. Plaintiffs' allegations stem from Illinois Governor Jay Pritzker's April 30, 2020, Executive Order that states:

> Any individual who is over the age of two and able to medically tolerate a face-covering (a mask or cloth face-covering) shall be required to cover their nose and

---

[1] The Court granted Governor Jay Pritzker's Rule 12(b)(6) motion to dismiss with prejudice on November 10, 2020 [81].

mouth with a face-covering when in a public place and unable to maintain a six-foot social distance. Face-coverings are required in public indoor spaces such as stores.

Executive Order 2020-32 § 1.1.

Specifically, plaintiffs allege that when they attempted to enter the Walgreens, Walmart, and Dollar General stores, certain employees denied them entrance because plaintiffs were not wearing face coverings. Plaintiffs state that they suffer from chronic asthma that prevents them from being able to wear face masks or face coverings in public. Accordingly, plaintiffs argue they were not medically able to tolerate face coverings as set forth as an exception to the governor's ordinance, and thus defendant retail stores violated Title II and Title III of the ADA. Plaintiffs seek $10 million in damages from each defendant.

**Legal Standards**

A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *Taylor v. McCament,* 875 F.3d 849, 853 (7th Cir. 2017). Under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Bultasa Buddhist Temple of Chicago v. Nielsen,* 878 F.3d 570, 573 (7th Cir. 2017). When "external facts call the court's jurisdiction into question," the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Taylor,* 875 F.3d at 853 (citation and quotation marks omitted).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer,* 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion

to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

"The Americans with Disabilities Act prohibits discrimination based on disability in 'major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III).'" *Access Living of Metro. Chicago v. Uber Tech., Inc.*, 958 F.3d 604, 607 (7th Cir. 2020) (citation omitted). Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "Public entity" means any state or local government or their instrumentalities, such as state agencies. 42 U.S.C. § 12131. Moreover, there is no personal liability under Title II of the ADA. *Stanek v. St. Charles Cmty. Unit School Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015). As such, plaintiffs can only bring their Title II claims against a state agency or state official in his or her official capacity.

Plaintiffs allege that three private businesses, Walmart, Dollar General, and Walgreens, denied them access to their stores – not that any state or local government denied them access to public services, programs, or other activities, such as a public school. *See, e.g., Ashby v. Warrick County Sch. Corp.*, 908 F.3d 225, 230 (7th Cir. 2018). Therefore, plaintiffs' Title II allegations necessarily fail against these private businesses. *Access Living*, 958 F.3d at 611. Because defendants are not public entities, the Court grants defendants' motions to dismiss plaintiffs' Title II claims with prejudice.

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Because Title III only provides for injunctive relief and not monetary damages, *Scherr v. Mariott Int'l*, 703 F.3d 1069, 1075 (7th Cir. 2013), defendants argue that plaintiffs cannot establish Article III standing to bring their claims.

A "decision that plaintiffs lacked Article III standing is one of jurisdictional significance: it means that the court had no authority to resolve the case." *MAO-MSO Recovery II, LLC v. State Farm Mutual Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019). To show standing for injunctive relief, plaintiffs must establish: (1) they are under an actual or imminent threat of suffering a concrete and particularized injury-in-fact; (2) a causal connection between the injury and the challenged conduct; and (3) the likelihood the injury will be redressed by a favorable decision. *Cook County, Ill. v. Wolf*, 962 F.3d 208, 218 (7th Cir. 2020).

Defendants maintain that plaintiffs cannot establish there is a real and immediate threat of future violations under the first standing requirement for injunctive relief. *Access Living*, 958 F.3d at 613. Specifically, defendants contend that plaintiffs have failed to plausibly assert the likelihood of a future injury. Although plaintiffs allege that they will return to the retail stores "to ascertain whether they remain in violation of the ADA" there are no allegations of potential future harm, namely, that the stores will continue to refuse entry to them and other customers who claim medical exemptions from Illinois' face covering requirements. *See Scherr*, 703 F.3d at 1074. Nor do plaintiffs plausibly allege any ongoing violations. Instead, plaintiffs simply state that a Walmart store manager, a Walgreens security officer, and a Dollar Store manager did not allow them into the stores without face coverings on May 4, 2020. Without more, plaintiffs have only alleged past injury, which is insufficient to establish standing for prospective injunctive relief. *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019). The Court therefore grants defendants' motions in this

respect and also grants plaintiffs leave to file an amended complaint to cure their standing deficiencies.

Next, defendants argue that plaintiffs have failed to sufficiently allege their Title III claim under the federal pleading standards, which require plaintiffs to allege sufficient factual content allowing the Court to draw the reasonable inference that defendants discriminated against plaintiffs based on his or her disability.[2] *See* 42 U.S.C. § 12188. Disability discrimination under Title III of the ADA can be established by either disparate treatment, also known as intentional discrimination, or a failure to accommodate claim. Plaintiffs do not allege that defendants failed to make reasonable accommodations in their policies, practices or procedures after plaintiffs requested defendants to do so, *see* 42 U.S.C. § 12182(b)(2)(A)(ii), thus the Court turns to whether plaintiffs have sufficiently alleged a Title III intentional discrimination claim.

To state a discrimination claim under Title III, plaintiffs must allege: (1) that they are disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against them based on their disability by denying them a full and equal opportunity to enjoy the goods, services, facilities, privileges, advantages, or accommodations that defendants provide. 42 U.S.C. § 12182(a).

Here, plaintiffs allege that on May 4, 2020, they attempted to enter three retail stores in Chicago, but were refused entry because they were not wearing masks or face coverings as required by Governor Pritzker's April 30, 2020, Executive Order. Plaintiffs allege that defendants intentionally discriminated against them by refusing them entry because the governor's ordinance has an exception, namely, that individuals who cannot medically tolerate a face covering are not

---

[2] Defendants also focus on the merits of plaintiffs' claims, including that defendants neutrally applied the governor's ordinance to all customers – an argument that is not appropriate at this stage of the proceedings. *Hahn v. Walsh*, 762 F.3d 617, 632 (7th Cir. 2014) (federal pleading standards do not involve the evaluation of "the veracity of the pleaded facts or the ultimate merits of the plaintiff's claim.").

required to wear one. These three isolated incidences, however, are not an adequate factual basis for plaintiffs' ADA claims because "[i]solated acts of negligence … do not come within the ambit of discrimination against disabled persons proscribed by the ADA." *Foley v. City of Lafayette*, 359 F.3d 925, 930-31 (7th Cir. 2004). Plaintiffs must allege more factual details plausibly suggesting defendants are liable for intentional discrimination, not just that defendants' employees made isolated mistakes in relation to the governor's order. The Court therefore grants defendants' motions to dismiss plaintiffs' Title III claim without prejudice and grants plaintiffs leave to amend this claim.

Furthermore, because there is no individual liability under the ADA, the Court dismisses individual defendants Miguel Artwell, Timothy Green, and T. Money from this lawsuit with prejudice. *Stanek*, 783 F.3d at 644; *see also Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) ("The ADA addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations.").

Last, because pro se litigants cannot bring class action lawsuits, the Court strikes plaintiffs' class action allegations. *Lawrence v. Secretary of State*, 467 Fed. Appx. 523, 525, (7th Cir. 2012); *see also Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."). The Court also strikes plaintiffs' allegations for money damages because they are only entitled to injunctive relief under Title III. *See Scherr,* 703 F.3d at 1075.

**Conclusion**

Based on the foregoing, the Court grants defendants' motions to dismiss with and without prejudice [59, 62, 70]. The Court dismisses plaintiffs' Title II claim and individual defendants Miguel Artwell, Timothy Green, and T. Money from this lawsuit with prejudice. The Court also strikes plaintiffs' class action allegations and allegations for money damages. The Court grants plaintiffs

leave to amend their Title III claim in accordance with this ruling. Plaintiffs' amended complaint is due on or before December 8, 2020.

**IT IS SO ORDERED.**

Date: 11/17/2020

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge