IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS LEWIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 20-cv-2836 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| WALMART CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiffs Marcus Lewis and Kelly King bring this lawsuit alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* against Walmart Corporation, Walgreen Corporation, and Dollar General Corporation. On November 17, 2020, the Court granted in part and denied in part defendants' separate motions to dismiss and granted plaintiffs leave to file a first amended complaint. The Court presumes familiarity with the November 2020 ruling. Before the Court are defendants' second motions to dismiss plaintiffs' first amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants defendants' motions to dismiss with prejudice. Civil case terminated.

**Background**

Construing plaintiffs' pro se allegations liberally, *Anderson v. United States*, 981 F.3d 565, 575 (7th Cir. 2020), plaintiffs were denied entry into certain Walmart, Walgreens, and Dollar General retail stores in Chicago because they were not wearing face coverings on May 4, 2020 at the beginning of the COVID-19 pandemic. Plaintiffs' allegations arise from Illinois Governor Pritzker's April 30, 2020, Executive Order that states, in part:

> Any individual who is over the age of two and able to medically tolerate a face-covering (a mask or cloth face-covering) shall be required to cover their nose and mouth with a face-covering when in a public place and unable to maintain a six-foot social distance. Face-coverings are required in public indoor spaces such as stores.

Executive Order 2020-32 § 1.1.  The Executive Order clearly stated that "protecting the health and safety of Illinoisans is among the most important functions of the State government," and that "for the preservation of public health and safety throughout the entire State of Illinois, and to ensure that our healthcare delivery systems is capable of serving those who are sick, I find it necessary to take measures consistent with the public health guidance to stop the spread of COVID-19."

Plaintiffs specifically allege that when they attempted to enter the Walgreens, Walmart, and Dollar General retail stores on May 4, 2020, certain employees denied them entrance because plaintiffs were not wearing face coverings.[1]  Plaintiffs state that they suffer from chronic asthma that prevents them from being able to wear face masks or face coverings.  As such, plaintiffs assert that they are not medically able to tolerate face coverings as set forth as an exception to the governor's ordinance, and thus defendant retail stores violated Title III of the ADA.

**Legal Standards**

A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing.  *International Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020); *Taylor v. McCament,* 875 F.3d 849, 853 (7th Cir. 2017).  Under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor.  *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017).  When "external facts call the court's jurisdiction into question," the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  *Taylor,* 875 F.3d at 853 (citation and quotation marks omitted).

---

[1] Plaintiffs do not allege that they attempted to purchase the desired products online from these retailers' websites.

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Pro se plaintiffs allege that three private businesses, Walmart Corporation, Dollar General Corporation, and Walgreens Corporation, denied them access to their retail stores in Chicago violating Title III of the ADA, which prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Because Title III only provides for injunctive relief, and not monetary damages, defendants argue that plaintiffs cannot establish Article III standing to bring their claims. *See Scherr v. Mariott Int'l*, 703 F.3d 1069, 1075 (7th Cir. 2013).

"Standing is a threshold requirement because it derives from the Constitution's limit on federal courts' authority to resolve 'cases' and 'controversies.'" *Bazile v. Finance System of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). "Standing often depends on what theory a plaintiff advances and how injury would be proved." *Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 711 (7th Cir. 2021). To show standing for injunctive relief, plaintiffs must establish: (1) they are under an actual or imminent threat of suffering a concrete and particularized injury-in-fact; (2) a causal connection

between the injury and the challenged conduct; and (3) the likelihood the injury will be redressed by a favorable decision. *Cook County, Ill. v. Wolf*, 962 F.3d 208, 218 (7th Cir. 2020).

Here, defendants argue that plaintiffs cannot establish there is a real and immediate threat of future violations under the first standing requirement for injunctive relief. *See Access Living of Metropolitan Chicago v. Uber Tech., Inc.*, 958 F.3d 604, 613 (7th Cir. 2020). Defendants specifically contend that plaintiffs have failed to plausibly assert the likelihood of a future injury, namely, that these stores will continue to refuse entry to them and other customers who claim medical exemptions from Illinois' face covering requirements.

Viewing their allegations liberally, plaintiffs allege that they intend to return to these retail stores to ascertain whether the stores remain in violation of the ADA—allegations that are insufficient to plausibly allege an actual or imminent risk of future harm. As the Supreme Court explains, "[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (emphasis in original). Further, plaintiffs have not plausibly alleged any ongoing violations. In the end, plaintiffs did not cure the deficiencies in their original complaint and have only alleged past injuries, which cannot establish standing for prospective injunctive relief. *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019). The Court therefore grants defendants' Rule 12(b)(1) motions to dismiss based on plaintiffs' lack of standing.

Defendants also argue that plaintiffs have failed to sufficiently allege their Title III claim under the federal pleading standards, which require plaintiffs to allege sufficient factual content allowing the Court to draw the reasonable inference that defendants discriminated against plaintiffs based on his or her disability. *See* 42 U.S.C. § 12188. Disability discrimination under Title III of the ADA can be established by either disparate treatment, also known as intentional discrimination, or

by a failure to accommodate claim. Plaintiffs allege that defendants intentionally discriminated against them and failed to make reasonable accommodations.

In their first amended complaint, plaintiffs state that on May 4, 2020, they attempted to enter three retail stores in Chicago, but were refused entry because they were not wearing masks or face coverings as required by Governor Pritzker's April 30, 2020, Executive Order. Plaintiffs contend that defendants intentionally discriminated against them and failed to accommodate them by refusing them entry because they did not wear masks or face coverings. These three isolated incidences are not an adequate factual basis for plaintiffs' ADA claims because "[i]solated acts of negligence … do not come within the ambit of discrimination against disabled persons proscribed by the ADA." *Foley v. City of Lafayette*, 359 F.3d 925, 930-31 (7th Cir. 2004); *see also Juech v. Children's Hosp. & Sys., Inc.,* 353 F.Supp.3d 772, 782 (E.D. Wis. 2018) ("not every isolated failure [] violates the ADA"). To succeed at this stage of litigation, plaintiffs must allege more factual details plausibly suggesting defendants discriminated against them, not just that defendants' employees made isolated errors. The Court therefore grants defendants' motions to dismiss plaintiffs' Title III claim based on their failure to plausibly allege Title III violations under the federal pleading standards.

**Conclusion**

Based on the foregoing, the Court grants defendants' motions to dismiss with prejudice [84, 86, 88]. Plaintiffs' renewed request for money damages is stricken. Civil case terminated.

**IT IS SO ORDERED.**

Date: 3/15/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge